IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DEMARRET JONES, Individually and on Behalf of All Others Similarly Situated**     **PLAINTIFF**

vs.     No. 18-cv-\_\_\_\_\_

**MARQUETTE MANAGEMENT, INC.**     **DEFENDANT**

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Demarret Jones ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Brown, LLC and Sanford Law Firm, PLLC, and for his Original Complaint—Class and Collective Action, against Defendant Marquette Management, Inc. ("Defendant"), alleges as follows:

### I.     PRELIMINARY STATEMENTS

1.     Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, and a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiff and all others similarly situated all overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek as required by the FLSA and IMWL.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Illinois, operating or managing apartment complexes.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendant, and Defendant therefore "resides" in Illinois.

5. Defendant is head-quartered in Naperville, which is where Defendant makes decisions regarding pay and wages. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## III. THE PARTIES

6. Plaintiff is an individual and a resident and domiciliary of the State of Texas.

7. Defendant is an Illinois corporation whose corporate place of business is 135 Water Street, 4th Floor, Naperville, Illinois 60540.

8. Defendant's registered agent for service of process in Illinois is Nicholas M. Ryan, 135 Water Street, 4th Floor, Naperville, Illinois 60540.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

10. Defendant has at least two employees that handle, sell, or otherwise work with goods or materials that have been moved in or produced for commerce.

11. Defendant's annual gross volume of sales or business done for each of the three years preceding the filing of the Original Complaint is not less than $500,000.00.

12. Defendant operates in at least five states, including Illinois, Texas, Indiana, Michigan and Minnesota.

13. Defendant employed Plaintiff as a leasing consultant at its location at 4701 Preston Park Boulevard, Plano, Texas 75093.

14. Defendant is an "employer" within the meanings set forth in the FLSA and IMWL, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

15. During the period relevant to this lawsuit, Defendant classified Plaintiff as an hourly employee, non-exempt from the overtime requirements of the FLSA.

16. Plaintiff worked more than forty hours per week in one or more weeks during his tenure.

17. While Defendant employed Plaintiff, Defendant paid Plaintiff non-discretionary monetary commissions or bonuses.

18. The commissions and bonuses Defendant paid to Plaintiff were fixed amounts and were based on Plaintiff's performance and ability to meet certain criteria set by Defendant.

19. Plaintiff worked as an hourly-paid employee and received non-discretionary commissions or bonuses.

20. Defendant did not include Plaintiff's commissions or bonuses when calculating his regular rate for overtime pay purposes.

21. Plaintiff worked more than forty hours in at least one week in which he also earned a commission or bonus, and his commission or bonus was not included in the calculation of his overtime pay rate.

22. Defendant violated the FLSA by not including the bonus of Plaintiff into his regular rate when calculating his overtime pay.

23. Also, upon information and belief, to be confirmed by further discovery, Plaintiff's manager failed to make at least one correction to Plaintiff's hours in a week in which Plaintiff worked more than forty hours, despite Plaintiff asking his manager to make the correction. This resulted in Plaintiff's pay being calculated based on less hours than Plaintiff actually worked.

### V. FLSA § 216(b) COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

25. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

26. At all relevant times, Defendant maintained one corporate office or department responsible for developing or implementing Defendant's pay policies for all of its locations, company-wide.

27. Defendant had employees, other than Plaintiff, who worked for Defendant for an hourly rate and were eligible for non-discretionary monetary bonuses.

28. The commissions and bonuses Defendant paid to eligible employees, other than Plaintiff, were fixed amounts and were based on the employees' performance and ability to meet certain criteria set by Defendant.

29. At least some employees, other than Plaintiff, were paid an hourly rate and were eligible for non-discretionary monetary bonuses.

30. At least some hourly-paid, commission/bonus-eligible employees, other than Plaintiff, worked more than forty hours per week during weeks in which they earned a commission or bonus.

31. Defendant did not include commissions and bonuses in hourly-paid, commission/bonus-eligible employees' regular rate for purposes of calculating overtime pay.

32. Plaintiff proposes a collective class under the FLSA, which may be preliminarily defined as follows:

> **Each hourly-paid employee who worked within the three years preceding the filing of the Original Complaint, and who earned a commission or bonus attributable, at least in part, to work performed in one or more weeks in which the employee worked more than forty hours.**

Plaintiff reserves the right to amend this definition as necessary.

33. The relevant time period dates back three years from the date on which the Original Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

34. The members of the proposed Bonus FLSA Class are similarly situated in that they share these traits:

A.  They were classified by Defendant as non-exempt from the minimum wage and overtime requirements of the FLSA;

B.  They were subject to Defendant's common policy of failing to include non-discretionary bonuses in their regular rate of pay when calculating overtime pay; and

C.  They were subject to Defendant's common policy of excluding bonuses when calculating hourly workers' overtime rates.

35. Plaintiff is unable to state the exact number of potential members of the Bonus FLSA Class but believes that the class exceeds forty (40) persons.

36. Defendant can readily identify the members of the Section 16(b) class, which encompass all hourly-paid, commission/bonus eligible employees at Defendant's locations.

## VI. IMWL RULE 23 CLASS ACTION ALLEGATIONS

37. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38. Plaintiff brings his IMWL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure and the IMWL, on behalf of himself and all other employees of Defendant who were not paid overtime pay for all hours worked in excess of forty (40) each week.

39. The proposed Rule 23 Class is defined as follows:

**Each hourly-paid Illinois employee who worked within the three years preceding the filing of the Original Complaint, and who earned a commission or bonus attributable, at least in part, to work performed in one or more weeks in which the employee worked more than forty hours.**

Plaintiff reserves the right to amend this definition as necessary.

40. The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiff believes that the class exceeds forty (40) persons.

41. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the class, inasmuch as all such claims arise from Defendant's standard policies and/or practices, as alleged in this Complaint. Like all class members, Plaintiff was damaged by Defendant's common policy of failing to pay all overtime compensation due.

42. Plaintiff has no interests antagonistic to the interests of the other members of the class.

43. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the class.

44. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

> a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue significant savings to both the Court and the class in litigating the common issues on a class-wide instead of on a repetitive individual basis;

> b. Despite the size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

  c. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

45. Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

46. Plaintiff anticipates that there will be no difficulty in the management of this litigation.

47. This litigation presents IMWL claims of a type that have often been prosecuted on a class-wide basis, and the class can easily be identified, and any monetary relief provided to them, through a review of Defendant's records.

## VII. FIRST CAUSE OF ACTION

**(Individual Claim for Violation of the FLSA)**

48. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

49. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

50. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

51. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA.

52. The FLSA requires any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

53. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

54. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's failure to include bonuses paid to Plaintiff when calculating overtime wages.

55. Defendant's failure to pay Plaintiff all overtime wages owed was willful, and Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

56. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VIII.  SECOND CAUSE OF ACTION

**(Collective Action Claim for Violation of the FLSA)**

57. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

58. Plaintiff, individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA.

59. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA.

60. Defendant classified Plaintiff and all similarly situated members of the Bonus FLSA Class as non-exempt from the overtime requirements of the FLSA and paid them non-discretionary commissions or bonuses.

61. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated members of the FLSA Class an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

62. Defendant's failure to pay Plaintiff and members of the FLSA Class all overtime wages owed was willful, and Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and members of the FLSA Class violated the FLSA.

63. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and members of the FLSA Class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### IX.   THIRD CAUSE OF ACTION

**(Individual Claim for Violation of the IMWL)**

64. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

65. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL.

66. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the IMWL.

67. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the IMWL.

68. The FLSA requires any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of the IMWL and all accompanying regulations.

69. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the IMWL, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

70. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's failure to include bonuses paid to Plaintiff when calculating overtime wages.

71. Defendant's failure to pay Plaintiff all overtime wages owed was willful, and Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the IMWL.

72. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, 2% monthly statutory interest, and costs, including

reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## X.     FOURTH CAUSE OF ACTION

### (Class Action Claim for Violation of the IMWL)

73.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

74.     Plaintiff, individually and on behalf of the Rule 23 Class, assert this claim for damages and declaratory relief pursuant to the IMWL.

75.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all members of the Rule 23 Class within the meaning of the IMWL.

76.     Defendant classified Plaintiff and all members of the Rule 23 Class as non-exempt from the overtime requirements of the IMWL and paid them non-discretionary commissions or bonuses.

77.     Despite the entitlement of Plaintiff and members of the Rule 23 Class to minimum wage and overtime payments under the IMWL, Defendant failed to pay Plaintiff and all members of the Rule 23 Class an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

78.     Defendant's failure to pay Plaintiff and members of the Rule 23 Class all overtime wages owed was willful, and Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and members of the Rule 23 Class violated the IMLW.

Page 12 of 14
Demarret Jones, et al. v. Marquette Management, Inc.
U.S.D.C. (N.D. Ill.) Case No. 18-cv-____
Original Complaint—Class and Collective Action

79. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and members of the IMWL Class for monetary damages, 2% monthly statutory interest, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## XI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Demarret Jones, individually and on behalf of all others similarly situated and the members of the proposed Section 216 Class and Rule 23 Class, respectfully prays as follows:

A.   That Defendant be summoned to appear and answer this Complaint;

B.   For orders regarding certification of and notice to the proposed collective and class members;

C.   For an order of this Honorable Court entering judgment in their favor against Defendant for their actual economic damages under the FLSA and IMWL in an amount to be determined at trial;

D.   For liquidated damages as provided for under the FLSA;

E.   For 2% monthly statutory interest as provided for under the IMWL;

F.   For their attorneys' fees, costs, and pre-judgment interest; and

G.   For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**DEMARRET JONES, Individually and on Behalf of All Others Similarly Situated,**

/s/ *Jason T. Brown*
Jason T. Brown (ILND Bar No. 4389854)
Nicholas Conlon (*pro hac vice* pending)
Ching-Yuan Teng (*pro hac vice* pending)
**BROWN, LLC**
500 North Michigan Avenue, Suite 600
Chicago, Illinois 60611
Telephone: 877-561-0000
Facsimile: 855-582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
tonyteng@jtblawgroup.com


Josh Sanford (*pro hac vice* pending)
Joshua West (*pro hac vice* pending)
**Sanford Law Firm, PLLC**
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com
west@sanfordlawfirm.com

*Attorneys for Plaintiff*